UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



| | |
|---|---|
| T.W., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:12CV300 |
| | ) |
| HANOVER COUNTY PUBLIC | ) |
| SCHOOLS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendants' Motions to Dismiss filed by Hanover County ("Hanover MTD") (ECF No. 25), Randolph Macon College ("RMC MTD") (ECF No. 28), and Michael J. Astrue ("Astrue MTD") (ECF No. 37) ("Motions"). This action was brought by *pro se* Plaintiffs T.W. (Turfona Womack), A.J. (Aleiah Joyner), and M.J. ("Melody Joyner" or "Ms. Joyner") (collectively "Plaintiffs") against a multitude of defendants to recover damages, for alleged violations of a variety of federal statutes. Ms. Joyner, as an interested party and Ms. Womack's mother, filed all pleadings in the case, which include three incomprehensible complaints, dozens of motions, and hundreds of pages of incorrectly filed documents.

Defendants from Hanover County ("Hanover Defendants"), Randolph Macon College ("RMC Defendants"), and Michael J. Astrue, Commissioner of Social Security, moved to dismiss the Second Amended Complaint with prejudice under Rules 8(a),

1

12(b)(1), (5), and (6), and 41(b) of the Federal Rules of Civil Procedure. Plaintiff filed an untimely response,[1] which failed to respond to the grounds for dismissal raised by Defendants. Pls.' Resp., ECF No. 41. The parties have not requested a hearing on this matter, and the Court finds that oral argument is unnecessary. *See* E.D. Va. Loc. Civ. R. 7(J). For the reasons set forth herein, Defendants' motions to dismiss are GRANTED.

## I. BACKGROUND

This case involves a procedural history important to the disposition of the defendants' motions to dismiss. On April 19, 2012, suit was filed in this Court by Interested Party Melody Joyner, *pro se*, purportedly on behalf of her daughter Turfona Womack ("TW").[2] Compl. 1,[3] ECF No. 1. Ms. Joyner paid the filing fee necessary to initiate the suit. The filing listed Hanover County Public Schools, Randolph Macon College ("RMC"), and others as defendants, while indicating that other defendants were "to be determined." Compl. at 1. Plaintiff also noted the current case is related to ten prior cases filed against similar defendants that were consolidated and dismissed by this Court on December 20, 2011. Compl. 1; *Womack v. Hanover County Public Schools*, 3:11cv769 (E.D. Va. Dec. 20, 2011).

The original complaint was largely incoherent and did not comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure requiring a short and plain statement of

---

[1] The response, entitled "Motion to Dismiss – Response from Melody Joyner – Opposition," was filed with the Court on September 7, 2012 and was untimely on the Hanover MTD and RMC MTD, both filed on August 10, 2012. The response was timely with respect to the Astrue MTD, which was filed on August 27, 2012; however, it was unresponsive on all grounds raised by Astrue in seeking dismissal. All defendants provided proper notice under *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).
[2] Ms. Joyner states she has a Specific Power of Attorney for TW.
[3] None of the complaints or other documents include continuously numbered paragraphs. Accordingly, all citations make reference to page numbers rather than paragraph numbers.

why the pleader is entitled to relief. Over the two weeks following the filing of the initial complaint, Ms. Joyner filed an amended complaint and numerous motions and addenda to her complaint. Many of these filing were made by fax, though Ms. Joyner was aware the Court does not accept filings via fax. *See* ECF No. 13 (May 11, 2012) [hereinafter May Order]. The later filings were similarly inscrutable and noncompliant with the Federal Rules' requirements for filing and pleading.

On May 11, 2012, the Court issued an Order ("May Order") responding to numerous motions and directing Plaintiff to file a second amended complaint within twenty days. *Id.* at 4. The Court further advised her to consolidate the pleadings into *one* document, provided specific instructions for how the complaint should be formatted, and explained the requirement that she lay out facts she believed supported her claims for relief. *Id.* The Court further stated that it "looks unfavorably on the continuous disregard for, and failure to follow the Court's instructions and the Federal Rules of Civil Procedure." *Id.* at 5–6. The Court concluded by warning Plaintiff that "such conduct will result in adverse consequences." *Id.* at 6.

Plaintiff did not file a second amended complaint in response to the May Order. Instead, she subsequently "faxed over 200 pages, and mailed over 60 pages, of documents to the Court . . . none of which amounted to a legally cognizable claim." *See* ECF No. 16 (June 26, 2012) [hereinafter June Order]. Out of an abundance of caution, the Court issued another order ("June Order") containing a final warning the case would be dismissed if Plaintiff did not file a second amended complaint in compliance with the May Order within fourteen days. *Id.* at 1–2. In response, Plaintiff filed a sixty-two page

3

document entitled "Addendum to Pleadings and Pleadings of Special Matters" on July 2, 2012. Second Am. Compl., ECF No. 16. Though the pleading did not comply with the requirements of the May Order, the Court construed this filing as the Second Amended Complaint and issued summonses to approximately fifty identifiable defendants.[4]

The Second Amended Complaint is nearly as impenetrable as the prior two complaints. As far as the Court can decipher, the complaint seeks relief for the alleged conduct of schools and governmental agencies, and their employees, in dealing with Ms. Womack, who is disabled. Second Am. Compl. at 4. Her disabilities are apparently linked to paralysis she suffered during childhood. *Id.* at 48. Ms. Womack attended Hanover County Public Schools and later Randolph Macon College for a period of time. *Id.* Though the legal claims are not specifically laid out, it appears Plaintiff seeks relief for claims involving the IDEA, ADA, Section 504 of the Rehabilitation Act ("Section 504"), and Social Security.[5] The remainder of the complaint appears to allege personal harms committed by various people and entities, including the Clerk of this Court, the Commonwealth of Virginia, and numerous others. The complaint makes a multitude of demands, including $10 million from each defendant for each plaintiff, back payments from social security, for Randolph Macon College to readmit Ms. Womack, and a "life time job of choice [and] PHD from VCU" for Ms. Joyner. *Id.* at 51–52.

---

[4] The Second Amended Complaint includes AJ and MJ as additional plaintiffs. AJ is another of Ms. Joyner's children, described as a minor with disabilities. *See* Second Am. Compl. 1.

[5] The complaint utilizes the acronyms IDEA, ADA, FAPE, and 504 throughout, never defining them. The Hanover Defendants assume, as does the Court, these abbreviations are intended to refer to the Individuals with Disabilities Act, 20 U.S.C. § 1400, *et seq.* (IDEA); Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (ADA); free appropriate public education (FAPE), a concept underlying the IDEA; and Section 504 of the Rehabilitation Act, 29 U.S.C. § 749 (504). *See* Mem. in Supp. of Mot. to Dismiss of Hanover Defs.' 4 n.3, ECF No. 26 [hereinafter Hanover MTD].

Since filing the Second Amended Complaint, Ms. Joyner has filed numerous motions and filed hundreds of pages of documents that she calls "addendums," including a 123-page document providing a list of over 40 defendants (some differing from those included in the Second Amended Complaint), and consisting of largely the same substance as the Second Amended Complaint, and a 29-page document including yet another list of over 50 defendants and 20 "motions." Hanover Defendants, RMC Defendants, and Michael J. Astrue, moved to dismiss the Second Amended Complaint pursuant to Rules 8, 12(b)(1), (5)[6] and (6), and 41(b). Each issue is discussed below.

## II. DISCUSSION

A court must construe the pleadings of a *pro se* plaintiff liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), especially when the plaintiff alleges civil rights violations. *Brown v. N.C. Dep't of Corrections*, 612 F.3d 720, 724 (4th Cir. 2010); *see also Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Nonetheless, a court considering a motion to dismiss must evaluate the *pro se* plaintiff's pleadings according to the standards set forth in the Federal Rules of Civil Procedure. *Davis v. Bacigalupi*, 711 F. Supp. 2d 609, 615 (E.D. Va. 2010). In doing so, the Court may not act as the litigant's advocate and construct legal arguments that the plaintiff has not made. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). With this standard in mind, the Court reviews the grounds raised by Defendants in seeking dismissal.

---

[6] Hanover and RMC Defendants indicate they did not receive proper service of process under Rule 4. Hanover MTD 2; RMC Defs.' Mem. in Supp. of Mot. to Dismiss 2 n.3 (ECF No. 29) [hereinafter RMC MTD]. However, the defendants have also moved for dismissal of the complaint on substantive and procedural grounds other than insufficient service of process. Hanover MTD 2; RMC MTD 2 n.3.

### A. The Court lacks subject matter jurisdiction over claims arising under the IDEA, ADA, and Section 504, and for Denial of Social Security Benefits

The Hanover Defendants and Michael J. Astrue seek dismissal of the complaint pursuant to Rule 12(b)(1) contending that this Court does not have subject matter jurisdiction over claims arising under federal education laws, Mem. in Supp. of Mot. to Dismiss of Hanover Defs.' 4, ECF No. 26 [hereinafter Hanover MTD], and claims relating to the denial of social security benefits. Mem. in Supp. of Def.'s Mot. to Dismiss 4, ECF No. 38 [hereinafter Astrue MTD]. Both groups of defendants contend Plaintiff did not exhaust administrative remedies as required by the law, depriving this Court of subject matter jurisdiction over such claims.

### i. Legal Standard

On a motion to dismiss pursuant to Rule 12(b)(1), defendants may challenge subject-matter jurisdiction by demonstrating that the complaint fails to sufficiently allege facts upon which the Court may make a finding of subject-matter jurisdiction, or they may contend that the jurisdictional facts are untrue. *King v. Riverside Reg'l Med. Ctr.*, 211 F. Supp. 2d 779, 780 (E.D. Va. 2002). In both situations, the burden is on the plaintiff, as the party asserting jurisdiction, to prove federal jurisdiction. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). In determining whether subject matter jurisdiction exists, the Court "may consider evidence outside the pleadings without converting the proceeding into one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991), *cert. denied*, 503 U.S. 984

(1992). The court weighs the evidence presented in order to determine jurisdiction under Rule 12(b)(1). *Adams*, 697 F.2d at 1219.

### ii. Analysis

To the limited extent any claims can be deciphered from the Second Amended Complaint,[7] the Court does not have subject matter jurisdiction in the first instance over claims arising under the IDEA, ADA, or Section 504, or for denial of social security benefits. The IDEA provides for federal district court jurisdiction only to review final findings and decisions of administrative proceedings. 20 U.S.C. § 1415(i)(2)(A); *M.E. v. Buncombe Cnty. Bd. of Educ.*, 72 Fed. App'x 940, 941 (4th Cir. 2003). The IDEA also requires exhaustion of available IDEA administrative remedies for claims arising under the ADA and Title V of the Rehabilitation Act, if such claims could also be brought under the IDEA. 20 U.S.C. § 1415(l); *A.W. v. Fairfax County School Bd.*, 548 F. Supp. 2d 219, 222 (E.D. Va. 2008). Once a final decision is reached, the IDEA allows a party ninety days to appeal the decision to a district court. 20 U.S.C. § 1415(i)(2)(B). Ms. Joyner requested an administrative, due process hearing regarding claims against Hanover County Public Schools on December 9, 2011. Hanover MTD Ex. A. On January 20, 2012, a hearing officer issued a written decision dismissing the claims, finding the due process request was not sufficient to comply with Virginia regulations and that all claims were mooted by Ms. Womack's graduation. *Id.* Plaintiffs did not

---

[7] All "claims" described in the remainder of this opinion are claims only to the extent the Court can decipher. The Second Amended Complaint lists hundreds of claims against various defendants; however, the "claims" are mostly conclusory statements of a violation of law or factual allegations insufficient to plead grounds for relief. The Court attempts to discern claims where possible in the spirit of construing a *pro se* complaint liberally. *See Erickson*, 551 U.S. at 94,

7

submit further due process hearing requests or appeal the due process decision, Hanover MTD Ex. A, thereby failing to exhaust administrative remedies.

The Court, likewise, does not have jurisdiction to hear any claims for denial of social security benefits because judicial review is limited to the final decisions of the Commissioner of Social Security. 40 U.S.C. §§ 405(g), (h), 1383(c)(3); *Califano v. Sanders*, 430 U.S. 99, 108 (1977). A Social Security benefits decision is not final, allowing for judicial review, until the decision has gone through a four step process, including Appeals Council review. *See* 20 C.F.R. §§ 404.900(a), 416.1400(a); *see also Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). A claim for social security benefits for Ms. Womack is currently pending before the Appeals Council, and neither Aleiah Joyner nor Melody Joyner have submitted claims for social security benefits that have been administratively exhausted. Astrue MTD, Ex. 1. Neither does Plaintiff make a claim that there has been a final decision on social security benefits. All IDEA, ADA, Section 504,[8]

---

[8] Even if the Court had subject matter jurisdiction over the ADA and Section 504 claims, they are barred by the statute of limitations. Affirmative defenses may be reached on a motion to dismiss "[w]here facts sufficient to rule on an affirmative defense—including the defense that the plaintiff's claim is time barred—are alleged in the complaint." *Pressley v. Tupperware Long Term Disability Plan*, 553 F.3d 334, 336 (4th Cir. 2009) (internal quotation marks omitted) (quoting *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc)). Ms. Womack graduated from Hanover County Public School on June 19, 2010. Hanover MTD Ex. A. This graduation date is corroborated by the facts stated in the complaint. *See* Second Am. Compl. 1 (indicating "TW, DOB 1991); *id.* at 39 (indicating "TW was 18 when she enrolled in college"). Claims brought under the ADA in Virginia and under Section 504 are subject to a one-year statute of limitation. *See A Society Without a Name v. Virginia*, 655 F.3d 342, 348 (4th Cir. 2011); *J.S. v. Isle of Wight Cnty. Sch. Bd.* 402 F.3d 468, 474–75 (4th Cir. 2005). Ms. Womack graduated nearly two years prior to the filing of this case; and therefore, any claims under the ADA Section 504 are time-barred.

Hanover Defendants also argue that any personal actions against them are time-barred under Virginia law, setting a statute of limitations of two years for any personal action, unless otherwise provided by the statute. Va. Code Ann. §§ 8.01-243. This may be correct based on failure of service under Rule 4; however, the Court does not reach this question as the remainder of the complaint is disposed of on other grounds. *See infra* Parts II.b & II.c.

and Social Security claims are therefore dismissed for lack of subject matter jurisdiction.

### B. The remainder of Plaintiffs' claims must be dismissed for failure to state a claim on which relief can be granted under Rule 12(b)(6)

While the majority of Plaintiffs' claims are dismissed for lack of subject matter jurisdiction, and the remainder of the Second Amended Complaint must be dismissed because it fails to state a claim on which relief can be granted.

#### i. Legal Standard

To survive a motion to dismiss, a complaint must contain sufficient factual information "to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 requires a "short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court must provide leeway to a *pro se* plaintiff, but this "leeway must be tempered to require the Plaintiff to comply with . . . the pleading requirements of Rule 8." *Davis*, 711 F. Supp. 2d at 615. The pleading standard does not require "detailed factual allegations;" *Twombly*, 550 U.S. at 554, neither does it need to be supported by evidence, *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). Yet "naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief. *Id.* (internal quotation marks omitted).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 663–64 (2009). A complaint achieves facial plausibility when it contains sufficient factual allegations supporting the

reasonable inference that the defendant is liable for the alleged misconduct. *Twombly*, 550 U.S. at 556; *see also Iqbal*, 556 U.S. at 678. In resolving a Motion to Dismiss, a court must regard as true all of a plaintiff's well-pleaded allegations. *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, the court does not have to accept legal conclusions couched as factual allegations, *Twombly*, 550 U.S. at 555, or "unwarranted inferences, unreasonable conclusions, or arguments," *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000); *see also Iqbal*, 556 U.S. 678. With these principles in mind, this Court must ultimately ascertain whether the plaintiff has stated a plausible, not merely speculative, claim for relief.

### ii. Analysis

As an initial matter, any claims arising under the IDEA against the RMC Defendants must be dismissed because the IDEA requires states receiving federal education funding to provide disabled children with free access to *public* education through high school only. *See* 20 U.S.C. § 1400 *et seq.*; *Woods v. Northport Pub. Sch.*, 2012 U.S. App. LEXIS 13819 at *2–3 (6th Cir. 2012); *T.S. v. Indep. Sch. Dist. No. 54*, 265 F.3d 1090, 1092 (10th Cir. 2001). Plaintiffs nonetheless alleges there was a requirement under the IDEA to provide Ms. Womack with free tuition to attend RMC after her graduation from high school. Second Am. Compl. at 11. RMC is a private college and Plaintiffs concede Ms. Womack graduated from high school. *See id.* at 39. RMC Defendants, therefore, have no obligation under the IDEA, and such claims are dismissed.

The remainder of the Second Amended Complaint consists of mere complaints

and musings, none of which state a claim on which relief can be granted. Plaintiffs list conclusory statements of the wrongdoings of each defendant, none of which provide a sufficient factual basis to state an actionable claim. For example, claims include RMC Defendants' "failure to provide FAPE/504 accommodations/IDEA;" Hanover Defendants' "Failure to insure no child (TW, AJ) is left behind, no tutoring for weaking [sic], math, writing, discrepancies;" Hanover Defednants "Using agencies to discriminate (Comcast, us postal service, Cavelier, Fed Ex, UPS etc)." *Id.* at 11, 21. Some claims, on the other hand, set forth a few facts, but no accompanying legal ground for relief. For example, Hanover Defendants "failed to pay over $28,000 in tuition at RMC considering Transition IEP states college of choice" and "[c]onspired to remove breaks away from TW know [sic] full well she had chronic fatigue." *Id.* at 22. Allegations against other defendants, including Michael J. Astrue, the Commonwealth of Virginia, the U.S. Postal Service, the Clerk of this Court, and others, consist of similarly incomprehensible claims with virtually no factual support.[9]

The Second Amended Complaint includes numerous paragraphs entitled "Conditions Precedent," setting forth some, mostly incoherent, facts that are wholly insufficient to support a plausible claim to relief. The facts appear to indicate that Ms. Womack met the GPA requirements to continue summer school in 2011 (presumably at RMC), and further indicate that "TW made maximum efforts with RIL, HCCSB, DRS, HCPS, One Stop." *Id.* at 11. Nowhere in the complaint are these acronyms defined.

---

[9] Overall, the Second Amended Complaint amounts to a rambling, sixty-two page diatribe that is unorganized by cause of action and difficult to describe. The Court, therefore, briefly summarized the complaint attempting to provide a sense of how the complaint is written.

Nearly identical "conditions precedent" are included beneath the claims against each organizational defendant. *See, e.g.*, *id.* at 22, 31. Each "conditions precedent" paragraph ends with a conclusory statement such as, "[TW] was removed [from attendance at RMC] only because balance was not paid by DRS or appropriate secondary and post secondary interagency agreements." *Id.* at 11.

Even construing the claims liberally, the Second Amended Complaint wholly fails to comply with the pleading requirements of Rule 8(a). The Second Amended Complaint includes, at most, naked assertions of wrongdoing and does not contain sufficient factual allegations supporting the reasonable inference that the defendants are liable. When viewed in its entirety, the Second Amended Complaint does not state a claim entitling Plaintiffs to relief by any reasonable standard and must be dismissed.

### C. Plaintiffs have continually violated court orders, prompting the Court to dismiss the Second Amended Complaint with prejudice

In addition to the arguments presented above, the Hanover and RMC defendants moved to dismiss the Second Amended Complaint with prejudice because Plaintiffs failed to comply with the Court's orders regarding this case.

#### i. Legal Standard

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal of a case when the "plaintiff fails . . . to comply with [the federal] rules or a court order." Fed. R. Civ. P. 41(b). The Court may dismiss a complaint under Rule 41(b) in its discretion, *Simpson v. Welch*, 900 F. 2d 33, 35 (4th Cir. 1990), and such a dismissal may be with prejudice. Fed. R. Civ. P. 41(b); *Jones v. Graham*, 709 F.2d 1457, 1462 (11th Cir. 1983)

12

(upholding a district court's dismissal of a complaint with prejudice based on "the long pattern of conduct which amounted to want of prosecution and several failures by plaintiffs to obey court rules and orders"). Dismissal with prejudice is a severe sanction, but is appropriate where there is a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Id.* at 1458 (internal quotation marks omitted) (quoting *Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir. 1980)).

### ii. Analysis

This Court issued two orders in response to Ms. Joyner's multitude of filings in this case. In the May Order, the Court provided Plaintiff with twenty days to amend her complaint with specific instructions for how to do so. The Order also included a reference to the *pro se* handbook and indicated it could be provided to her by the Clerk's Office. May Order 3 n.1. The Order required Plaintiff to (1) place the caption "SECOND AMENDED COMPLAINT" at the very top of the amended complaint; (2) provide a list of the names and addresses of all defendants in the first paragraph; (3) set forth legibly, in separately numbered paragraphs, the facts believed to support the claims, clearly identify state or federal laws violated, and list what each defendant is purportedly liable for;[10] (4) attach and clearly label all exhibits according to the example provided; and (5) set forth supportive information for any subsequent motions that is well grounded in law and fact. *Id.* at 4–5. The Court further reminded Plaintiff that she must not fax

---

[10] With respect to the sufficiency of the complaint, a court order may not require more of the plaintiff than the Rule 8(a) pleading standards. *See Ruiz-Rosa v. Rullan*, 485 F.3d 150, 154–55 (1st Cir. 2007). The pleading requirements set forth in the May Order do not require more of a plaintiff than the requirements of the Federal Rules. Instead, it merely provides Plaintiff with instructions for how to comply with the pleading requirements.

documents to the Clerk's office and that the Court "looks unfavorably on the continuous disregard for, and failure to follow the Court's instructions and the Federal Rules of Civil Procedure." *Id.* at 5–6. The Court concluded by warning Plaintiff that "such conduct will result in adverse consequences." *Id.* at 6.

Plaintiff did not amend her complaint within the time allowed by the Court; however, out of an abundance of caution, the Court provided her fourteen additional days to do so. June Order 1–2. The June Order detailed several ways Plaintiff failed to comply with the May Order, including failing to file an amended complaint, continuing to fax documents to the Clerk's office, and sending self-issued summonses to individuals. *Id.* The June Order indicated this was Plaintiff's "FINAL WARNING." *Id.*

Plaintiff failed to comply with, and in some instances openly defied, these Court Orders. As an initial matter, Plaintiff failed to meet the deadline set forth in the May Order, and when the Court provided an additional fourteen days to submit her second amended complaint, she filed a document with a heading stating "THIS IS NOT AN AMENDMENT YET." *See* Second Am. Compl. 1. Rather than dismiss the case, the Court construed this pleading as a Second Amended Complaint. The document, however, does not comport with any of the requirements of the May Order. First, the document does not include the caption required by the Court. Instead, the document begins with an disjointed paragraph stating it is an "addendum to Pleadings and Pleadings of special matters, Notice of lawsuit and appeal . . . ." *Id.* at 1. The Second Amended Complaint also fails to list the names and addresses of each defendant in the first paragraph; rather, the names of defendants are scattered throughout.

The most significant problem with the complaint is its failure to comply with the third requirement of the May Order setting forth the pleading requirements. The Second Amended Complaint appears to make some attempt to comply with the Court order by creating a section for each defendant and numbering the claims against them. *See, e.g.*, Second Am. Compl. at 11. However, as discussed in Part II.B.ii above, reviewing these claims in their entirety shows they fail to meet even the most skeletal pleading requirements of Rule 8(a), and therefore, the May Order.

Finally, Plaintiffs failed to comply with the fourth and fifth requirements of the May Order by failing to label exhibits properly, *see* Second Am. Compl. "Complaint and Exhibit 59," and by continuing to file hundreds of pages of desultory documents and motions unrelated to the apparent claims. *See, e.g.*, ECF No. 17 "Various Motions by TW;" ECF No. 24 "Notice of List of Defendants by Plaintiff AJ." Ms. Joyner has also continued to fax large amounts of documents to the Clerk's Office in direct defiance of the May and June Orders.

The Court deems Plaintiff's blatant disregard of the Court's explicit orders is sufficiently extreme to warrant dismissal with prejudice under Rule 41(b). Her manifest disregard for the Court's directions has also continued with Ms. Joyner's weekly, and often semi-weekly, attempts to file a multitude of documents with the Court. This unabated conduct warrants dismissal with prejudice under Rule 41(b).

### III. CONCLUSION

For the reasons stated above, the Court GRANTS Defendants' Motions to Dismiss. The entirety of the Second Amended Complaint is DISMISSED with prejudice.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Dated: Sept 28, 2012
Richmond, Virginia