UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

T.W.,

    Plaintiff,

v.                                Civil Action No. 3:12CV300

HANOVER COUNTY PUBLIC
SCHOOLS, et al.,

    Defendants.

## MEMORANDUM OPINION

THIS MATTER is before the Court pursuant to the Court's Order to Show Cause as to why Melody Joyner should not be required to obtain permission from a judge of this Court before filing any further *pro se* lawsuits (ECF No. 48). Upon dismissal of the eleventh frivolous lawsuit filed in this Court by Ms. Joyner over a ten month period, the Court ordered Ms. Joyner to appear to show cause as to why she should not be enjoined from filing further *pro se* lawsuits in this Court without leave of court.

## BACKGROUND

In 2011, Ms. Joyner filed ten *pro se* law suits in this Court.[1] The Court granted her motions to proceed *in forma paupris* in the cases. The cases were filed on behalf of Ms.

---

[1] *Womack v. Hanover County Public Schools, et al.*, 3:11cv769; *Womack v. Office of the Attorney General – Richmond, et al.*, 3:11cv771; *Womack v. Bon Secoures Richmond Health System, et al.*, 3:11cv772; *Womack v. Lee Davis Medical Center*, 3:11cv773; *Womack v. MCV/VCU Health Systems Hospitals and Physicians – Richmond City*, 3:11cv774; *Womack v. Children Hospital*, 3:11cv775; *Womack v. HCA Virginia Health System*, 3:11cv776; *Womack v. Edward Peck, et al.*, 3:11cv777; *Womack v. Scottish Rite Childhood Language and Development Center, et al.*, 3:11cv778; *Turfona Womack v. MCV/VCU Health Systems Hospital and Physicians*, 3:11cv779.

1

Joyner's daughter Turfona Womack against Hanover County Public Schools, the Office of the Attorney General – Richmond, Bon Secoures Richmond Health System, Lee Davis Medical Center, MCV/VCU Health Systems Hospitals and Physicians, Childrens Hospital, HCA Virginia Health System, Edward Peck, Scottish Rite Childhood Language and Development Center, and many other individual defendants at each of those organizations. On November 30, 2011, the Court entered an order consolidating the cases and ordering Ms. Joyner to file a particularized complaint. Ms. Joyner did not file a particularized complaint and the Court dismissed the consolidated cases pursuant to Federal Rule of Civil Procedure 41(b) prior to issuing summonses in the case.

On April 19, 2012, Ms. Joyner filed another *pro se* law suit on behalf of her daughter. *TW v. Hanover County Public Schools, et al.*, 3:12cv300. In this case, Ms. Joyner paid the filing fee necessary to initiate the suit. The filing listed Hanover County Public Schools, Randolph Macon College, Michael J. Astrue, Commissioner of Social Security, and others as defendants, while indicating that other defendants were "to be determined." Ms. Joyner also noted the case was related to the ten prior cases filed against similar defendants.

The original complaint in this case was largely incoherent and did not comply with Federal Rule of Civil Procedure 8(a)(2). Over the two weeks following the filing of the initial complaint, Ms. Joyner filed an amended complaint and numerous motions and addenda to her complaint. The later filings were similarly inscrutable and noncompliant with the Federal Rules' requirements for filing and pleading. On May 11, 2012, the Court

issued an Order ("May Order") responding to numerous motions, admonishing Ms. Joyner that faxes would not be considered by the Court, and directing Plaintiff to file a second amended complaint within twenty days.

Ms. Joyner did not file a second amended complaint in response to the May Order. Instead, she subsequently faxed over 200 pages, and mailed over 60 pages, of documents to the Court, none of which amounted to a legally cognizable claim. Out of an abundance of caution, the Court issued another order containing a final warning the case would be dismissed if Plaintiff did not file a second amended complaint in compliance with the May Order within fourteen days. In response, Plaintiff filed a sixty-two page document entitled "Addendum to Pleadings and Pleadings of Special Matters." Though the pleading did not comply with the requirements of the May Order, the Court construed this filing as the Second Amended Complaint and issued summonses to approximately fifty identifiable defendants.

The Second Amended Complaint was nearly as impenetrable as the prior two complaints. As far as the Court could decipher, the complaint sought relief for the alleged conduct of schools and governmental agencies, and their employees, in dealing with Ms. Joyner's daughter, who is disabled. Though the legal claims were not specifically laid out, it appeared Plaintiff sought relief for claims involving the Individuals with Disabilities Education Act, Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and Social Security. The remainder of the complaint appeared to allege personal harms committed by various people and entities, including the Clerk of this Court, the

Commonwealth of Virginia, and numerous others. The complaint made a multitude of demands, including $10 million from each defendant for each plaintiff, back payments from social security, for Randolph Macon College to readmit Ms. Womack, and a "life time job of choice [and] PHD from [Virginia Commonwealth University]" for Ms. Joyner.

After filing the Second Amended Complaint, Ms. Joyner filed numerous motions and filed hundreds of pages of documents that she called "addendums." These included a 123-page document providing a list of over 40 defendants (some differing from those included in the Second Amended Complaint), and consisting of largely the same substance as the Second Amended Complaint, and a 29-page document including yet another list of over 50 defendants and 20 "motions."

The Court dismissed the complaint with prejudice on motions to dismiss filed by Hanover County Public Schools, Randolph Macon College, and Michael J. Astrue. The Court dismissed the complaint for lack of subject matter jurisdiction and failure to state a claim on which relief can be granted. The complaint was dismissed with prejudice because of Ms. Joyner's continued violation of Court orders. Since the dismissal of the complaint, Ms. Joyner has continued to submit documents via fax acting as though the case is still active.

On October 3, 2012, due to her continuous pattern of filing frivolous lawsuits and an extraordinary volume of extraneous documents, the Court "ORDERED that Plaintiff Melody Joyner appear on October 31, 2012, at 2:00 P.M. to show cause as to why she should not be required to obtain permission from a judge of this Court before filing any

4

further *pro se* lawsuits" ("Show Cause Order") (ECF No. 48). One hour prior to her scheduled appearance, Ms. Joyner sent a fax to the Clerk's Office, though she has repeatedly been admonished not to do so, indicating she assumed the Show Cause Order was a notice for her to "respond only, not summons to appear." Ex. A. The Court commenced the Show Cause Hearing as scheduled, and at 2:15 P.M., took notice that Ms. Joyner was still not present and made findings of fact based on the record of the case. For the reasons to follow, the Court ENJOINS Ms. Joyner from filing any new civil actions, motions, papers or requests for relief in any civil actions in the Eastern District of Virginia without seeking and obtaining court approval as described in the accompanying Order.

## LEGAL STANDARD

Courts have the constitutional obligation and the inherent power to protect against conduct that impairs the court's ability to conduct their functions. *Tucker v. Seiber*, 17 F.3d 1434, 1994 WL 66037, at *1 (4th Cir. 1994). The All Writs Act, 28 U.S.C. § 1651(a), "grants federal courts the authority to limit access to the court by vexatious and repetitive litigants." *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 818–19 (4th Cir. 2004).

A prefiling injunction, however, must not effectively deny access to the courts. *Tucker*, 1994 WL 66037, at *1 (citing *Procup v. Strickland*, 192 F.2d 1069, 1074 (11th Cir. 1986)). A prefiling injunction is a drastic remedy that must be used sparingly, consistent with the constitutional guarantees of due process and access to the courts. *Cromer*, 390 F.3d at 817. The courts should not limit access to the courts absent "exigent

circumstances, such as a litigant's continued abuse of the judicial process by filing meritless and repetitive actions." *Id.* at 817–18 (citing *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993)). The use of such a measure against a *pro se* plaintiff should be approached "with particular caution" and should be "the exception to the general rule of free access to the courts." *Id.* at 818 (citing *Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir. 1980)). A show cause hearing is required to allow the litigant an opportunity to be heard on the prefiling injunction. *Id.* at 819.

The factors to be considered in evaluating whether to issue a pre-filing injunction are: (1) the party's history of litigation, particularly whether she has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the court and other parties as a result of the party's filings; and (4) the adequacy of alternative sanctions. *Cromer*, 390 F.3d at 818 (citing *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)). The court must weight all of the relevant circumstances in making its decision. *Id.* "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Whitehead v. Paramount Pictures Corp.*, No. 1:08cv792, 2009 WL 1491402 at *3 (E.D. Va. May 26, 2009) (citing *Safir*, 792 F.2d at 24).

## ANALYSIS

Based on a review of the record evidence, the Court concludes exigent circumstances in this case justify prefiling injunction. *See Cromer*, 390 F.3d at 817–18.

Ms. Joyner has engaged in a pattern of continuous abuse of the judicial process by filing meritless and repetitious lawsuits, motions, and accompanying documents. She has filed eleven *pro se* lawsuits naming over 100 defendants, some defendants multiple times despite having identical claims dismissed in previous lawsuits. All of her lawsuits and filings recite similar indiscernible grievances simply organized in a different incoherent manner. A review of the nature and content of the materials filed by Ms. Joyner demonstrates an absence of any objective good faith belief in the merits of her claims. Even after cases are dismissed, she refiles nearly identical actions naming the similar parties and recasting identical claims.

In handling her lawsuits, Ms. Joyner continually ignores the Orders of the Court and directions of the clerk's office. Despite being admonished not to do so, she has faxed hundreds of pages of materials to the clerk's office and left a box of electronic documents on the counter after being rejected for filing by the clerk's office. In addition to numerous cases, Ms. Joyner has filed, and attempted to file, an exorbitant amount of documents in the last case initiated in this Court. Ms. Joyner filed numerous amended complaints, "Notices of Addendum," and baseless motions. All of Ms. Joyner's filings are repetitious and frivolous. None of her filings contain legally cognizable claims, or even a sufficient factual basis to allow the Court to interpret her claims liberally to plead an actionable claim.

Ms. Joyner's vexatious filings have placed considerable burdens on Court personnel as well as the defendants named in her cases. Judges and their staff have

devoted scores of hours to reviewing hundreds of pages of incomprehensible material, trying to decipher the nature of Plaintiff's claims and the basis for the relief sought. Undoubtedly, the defendants and their counsel have been similarly burdened.

With respect to the final factor for consideration in evaluating a prefiling injunction, the Court finds alternate sanctions are not sufficient to protect the Court's resources. The Court dismissed prior cases indicating she failed to state a claim. Dismissal of Ms. Joyner's cases has not deterred her from subsequently filing an equally frivolous suit against many of the same defendants. Choosing not to issue summonses until a complaint is sufficiently particularized has also been ineffective because Ms. Joyner served many of the defendants in the most recent case with self-issued summonses, rather than summonses issued by the Clerk. It is also clear that dismissal of her most recent case with prejudice has been ineffective as Ms. Joyner continues to fax documents to the clerk's office as though the case were still pending.

It is not the intent of the Court to deny Ms. Joyner the right to file any good faith lawsuit she feels is appropriate in this Court. However, in order to ensure the wise use of judicial resources, and to safeguard against the filing of lawsuits lacking in good faith and merit, Ms. Joyner will be required to obtain leave of court before filing any further lawsuits in the Eastern District of Virginia.

## CONCLUSION

For the above stated reasons, the Court ENJOINS Ms. Joyner from filing any new *pro se* civil actions, motions, papers or requests for relief in any civil actions in the Eastern

District of Virginia without seeking and obtaining court approval as described in the accompanying Order.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Dated: Nov 4, 2012
Richmond, Virginia